Parsons, C. J.,
delivered t.he opinion of the Court, as follows : —■
So far'as we can recollect from the declaration, the plaintiff demands the land described in his writ, as minister of the town of Gray, and in right of his town. After stating, very unnecessarily, the title, but without declaring on his own seisin, or the seisin of any predecessor, he concludes by averring that he ought to have quiet possession, and that the defendant has turned him out of possession— whence, by implication, it may be inferred that the defendant entered on him when in possession. Upon trial on the issue of not guilty, the judge reports that it was admitted by the parties that the plaintiff never had been in possession. Thus the part of the declaration that was most material was not proved, and the verdict for the defendant is right. Indeed, if the verdict had been for the plaintiff, it is difficult to discover any legal principles on which he could have had judgment upon his declaration; the nature of his remedy, if he had right, being totally misconceived.
By the provincial statute of 28 G. 2, c. 9, the ministers of the several Protestant churches were made sole corporations, capable of taking in succession any parsonage lands, granted to the minister and his successors, or to the use of the ministry. And no alienation made by any minister of any parsonage lands, ¡miden by succession, shall be valid any longer than he shall continue [*502] * minister; unless, being minister of some particular town, district, or precinct, such alienation be made with the consent of such town, district, or precinct; or, being a minister of some Episcopal church, the alienation be made with the consent of the vestry.
The provisions of this statute, on this subject, are reenacted by the statute of Feb. 20, 1786, on which rests the right of ministers to hold parsonage lands in succession as sole corporations, and also the restriction of the alienation of their parsonages.
Ministers being thus made sole corporations, their rights and remedies are clearly defined by the common law. They stand on the same foundation, as to their parsonages, with all other sole corporations holding lands in succession, at common law.
The minister holding parsonage lands in fee simple, holds them • in right of his parish or church; and therefore, on his resignation, deprivation, or death, the fee is in abeyance until there be a successor.
During the vacancy the parish or church have the custody, and are entitled to the profits, of the parsonage. (a)
If the minister alien with the assent of his parish, or of the vestry of *451 the church, the alienation shall bind the successor: if without such assent, it will be valid no longer than he continues minister; and it will be no discontinuance of the estate, so as to drive the successor to his action, but he may enter.
An alienat on of the parsonage by the town, district, or precinct, or vestry, is void: for if there be a minister, the fee is in him; or if there be a vacancy, the fee is in abeyance ; and a corporation cannot acquire a freehold by a disseisin committed by itself.
Because the minister holds the parsonage in succession, in all legal proceedings he must claim it in the right of his town, district, precinct, or church.
If the minister be, or his predecessor has been, disseised, he may-enter, if the right of entry be not taken away; or he may * bring a writ of entry, declaring upon his own [*503 ] seisin, or upon the seisin of his predecessor, according to the nature of his case.
If his predecessor has aliened, without the assent of his town, district, precinct, or church, he may have a writ of entry sine assensu parochire, and in the writ he must declare on the seisin of his predecessor within fifty years, and this, writ may be brought in the per, in the per and oui, or in the post. And the writ of entry sine as sensa capituli, in the register, will be an authority for him.
The minister may also have his writ of right on his own seisin within thirty years, or on a disseisin done to, or an alienation without assent made by, his predecessor, in which last cases he may declare on the seisin of his predecessor within sixty years.
In examining the declaration in the case at bar, it is not supported by any of these principles, nor by any other legal principle that occurs to us. If the verdict had been rendered in favor of the plaintiff, he could not have judgment; but as it is against him, judgment must be entered according to the verdict.

 Dillingham vs. Snow & Al. 5 Mass. Rep. 555. — Brunswick vs. Dunning & Al. 7 Mass. Rep. 445. — Brown vs. Porter, 10 Mass. Rep. 93. —Jewett vs. Buroughs, 15 Mass. Rep. 764.